## IN RE WELCH.

PATENTS; PATENTABILITY; DOUBLE USE; ANTICIPATION.

1. The adaptation of an old device for heating water into a device for cooling it, with only such changes as are within the province of the skilled mechanic, is not invention, although the new device may possess great advantages over others used to accomplish the same purpose. (Following *Re Thurston*, 26 App. D. C. 315.)

2. A fluid cooler for the water jacket of a gas engine, made by nesting a number of small tubes having their ends expanded and shaped so as to fit closely together and entirely fill and close the side faces of the cooler, is anticipated by a patent for a similar device in which the tubes are fastened together by a wire so as to permit the passage of the warm water between them, where in the patentee's specification it is set forth that, instead of using wire, the tubes may be flanged at either end and secured together so as to form narrow channels between the pipes, thus providing a means for expanding the tubes.

No. 360. Patent Appeals. Submitted November 13, 1906. Decided November 21, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Bacon & Milans* and *Messrs. Parker & Burton* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of

Patents rejecting an application for a patent, having the following claims:

1. The process of making a fluid cooler, consisting in forming a plurality of tubes with their ends expanded beyond the intermediate portion and of a form adapted to fill an area on being assembled closely therein, laying said tubes side by side with their ends against each other, and soldering their ends together from the outside of the assembled structure.

2. A fluid cooler, consisting of a plurality of tubes with their ends expanded beyond their intermediate portion into a form adapted to fill an area on being assembled closely therein, said tubes being laid side by side with their ends against each other, the ends of said tubes being soldered together from the outside of the assembled structure.

3. A fluid cooler, consisting of a plurality of tubes, each of which has its end expanded beyond its intermediate part, the said tubes being assembled with their expanding ends in contact and their intermediate surfaces parallel, and having their expanded ends soldered together from the outside of the assembled structure.

The rejection was on reference to two existing patents,—Steinmetz, April 15, 1902, No. 697,560, and Maybach, September 15, 1902, No. 709,416. As stated in the Commissioner's decision:

"The purpose of applicant's invention is to construct a cooler for the water jacket of a gas engine, which shall be cheap to make and easy to repair. This has been accomplished by nesting a number of small tubes having their ends expanded and shaped so as to fit closely together and entirely fill and close the side faces of the cooler. This expanding of the ends of the tubes spaces the tubes from each other for the greater portion of their length, so that the water to be cooled may circulate around them. The tubes are held in place by having their contacting ends soldered."

Steinmetz shows tubes with expanded ends riveted or welded

together.   The object of his device is to change the tempera-
ture of water circulating about the tubes, from cold to warm,
while that of the applicant is to change the water from hot to
cold.   Because of the heat in Steinmetz's tubes, solder would not
answer the purpose of joining their ends, and hence the rivet-
ing or welding instead.   The change made in the size of the
tubes by applicant, Allie R. Welch, and in the mode of fasten-
ing, does not involve invention.   With the change in size and
manner of connecting the tubes the applicant has transferred
the device for heating water into one for cooling it.   The use of
the latter is too nearly analogous to the former to raise the
transfer to the dignity of invention, notwithstanding the fact
that the new device may possess great advantages over others
used to accomplish the same purpose.   It evinces the skill of
the mechanic informed in the art, and not the exercise of the
inventive faculty.   *Re Thurston,* 26 App. D. C. 315.

The condition is quite different from that existing in the case
of *C. & A. Potts & Co.* v. *Creager,* 155 U. S. 597, 606, 39 L. ed.
275, 278, 15 Sup. Ct. Rep. 194, where the transfer was from an
abandoned machine that had been constructed for use in an en-
tirely different industry.

The Maybach patent for a water cooler for gas engines also
anticipated the structure defined in the appellant's claim.   In
this the tubes are fastened together by a wire so as to permit the
passage of the warm water between them.   The tubes of this
construction are not expanded at the ends as in that of the ap-
pellant; but in his application Maybach says: "The tubes may
be spaced in any other manner besides that shown in the draw-
ings, and instead of forming the screw by a wire net-work
*   *   *   the pipes may be flanged at each end and secured to-
gether so as to form narrow channels between the pipes."   By
this means the ends of the tubes are expanded, within the mean-
ing of the issue.

The decision of the Commissioner will be affirmed.   It is
ordered that this decision be certified to the Commissioner of
Patents as required by law.                    *Affirmed.*